### Application of MAROE.
### No. 8395-LCCT.
Florida Public Service Commission.
June 22, 1966.

Pershing W. Maroe, Lake Worth, in pro. per.

J. B. Rodgers, Jr., Orlando, for Al Landers Dump Trucks, Inc., Montgomery Bros. Trucking, Archie Guy Wimpy, Tupler Trucking Company, and Robert J. Propp, Inc., protestants.

Chairman EDWIN L. MASON, Commissioners JERRY W. CARTER and WILLIAM T. MAYO participated in the disposition of this matter.

BY THE COMMISSION.

Pursuant to statutory notice the commission by its duly designated examiner, Harold E. Smithers, held a public hearing on the application in Miami on May 12, 1966.

The examiner's report and recommended order was duly served on all the parties. No exceptions were filed thereto. The commission, having fully considered the entire record, now enters its order in this cause.

This is one of several pending applications for "grandfather" authority to transport road building and construction aggregates

in specified counties. Pursuant to chapter 65-452, Laws of Florida, those motor carriers transporting these commodities illegally prior to January 1, 1963, who did not apply for such authority under chapter 63-416, Laws of Florida, may receive authority upon application filed prior to February 1, 1966, under certain conditions.

As required by chapter 65-452 (§323.031(7), F.S. 1965) notice of the filing of this application was given; written protest was received; a prehearing conference was held without significant results; and a hearing on this application was held on May 12, 1966. The only question involved was the "bona fides" of the applicant's operation prior to January 1, 1963. Midstate Hauling Co. v. Mason, 177 So.2d 206 (Fla. 1965). This must be proved by evidence having substantial probative effect. §120.27, F.S. Although affidavits are sufficient for the purpose of filing the application the applicant is required to present evidence at the hearing which is subject to cross-examination. Jones v. State, 17 So. 284; 3 Am. Jur. 2d, Affidavits §29. The foregoing procedure is somewhat different from that provided by chapter 63-416, Laws of Florida, the first "grandfather" law.

The applicant has for-hire permit no. 1199 authorizing operations in Palm Beach County, which permit was obtained pursuant to chapter 63-416. Although the applicant's affidavit included with this application stated that all past due mileage tax from January 1, 1961, to the proposed date of the issuance of the certificate had been paid, protestant's exhibit 1 (certification from this commission's executive secretary) indicates that no mileage tax had been paid since July 1, 1961. This fact was not rebutted by the applicant.

The applicant presented F. J. Rathbun (Scarlet Trucking Service) and Herb Willard, both of whom testified in the same respects as their affidavits submitted with the application, to-wit — they leased the applicant's equipment prior to January 1, 1963; Rathbun leasing the last part of 1962 and Willard leasing in May of 1962. Since it appears from the affidavits and this testimony that the witnesses were in fact the motor carriers, it is obvious that Maroe was not a motor carrier at the time nor did he submit evidence of having transported road building and construction aggregates for a shipper (or receiver) of such commodities prior to January 1, 1963, as is required by chapter 65-452, Laws of Florida (§323.01(4)(b), (5)(a), F.S. 1965).

From the foregoing the commission finds that the applicant has not shown that he did in fact operate as a "bona fide" motor carrier of road building and construction aggregates prior to January 1, 1963.

It is therefore ordered that the application of Pershing W. Maroe, 71 Holiday Drive, Lake Worth, for a limited common carrier certificate of public convenience and necessity authorizing the transportation of road building and construction aggregates in the counties of Dade, Broward, Palm Beach, Martin, St. Lucie, Indian River and Okeechobee, is denied, and the certificate fee previously paid herein by the applicant is hereby ordered to be refunded.